# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

ARTAVIOUS V. COTTON,

        Petitioner,

vs.                                               Case No. 3:20-cv-1249-J-32JRK

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,

        Respondents.

_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

      Petitioner, an inmate of the Florida penal system, initiated this case by filing a pro se Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus (Doc. 1). In 1994, Petitioner entered a negotiated plea of guilty to first degree murder and attempted armed sexual battery. See State v. Cotton, No. 1993-CF-4491 (Fla. 4th Cir. Ct.). The trial court sentenced Petitioner for the murder conviction to a life term of incarceration with the possibility of parole after twenty-five years, and a concurrent five-year-and-six-month term of incarceration as to the attempted sexual battery conviction. Id. Petitioner was fifteen years old when he committed the offenses. Id. He did not seek a direct appeal of his judgment and sentences.

      In 2007, the Court adjudicated Petitioner's federal habeas claims

challenging these convictions. See Cotton v. McDonough, et al., No. 3:06-cv-807-J-32TEM (M.D. Fla. July 10, 2007) (Doc. 21). Thereafter, the Eleventh Circuit denied Petitioner's certificate of appealability challenging this Court's adjudication. See Cotton v. Sec'y, Dep't of Corr., et al., No. 07-13764-C (11th Cir. Dec. 3, 2007) (Doc. 29). Over eight years later, on May 26, 2016, the Florida Supreme Court issued its opinion in Atwell v. State, 197 So. 3d 1040 (Fla. 2016), finding juvenile offender sentences of life with the possibility of parole violated the Eighth Amendment and the purviews of Graham v. Florida, 560 U.S. 48 (2010), and Miller v. Alabama, 567 U.S. 460 (2012). See Atwell, 197 So. 3d at 1049.

In light of Atwell, in 2017, Petitioner filed with the state court a pro se motion for resentencing. See Cotton, No. 1993-CF-4491. The trial court promptly appointed counsel for Petitioner and held numerous in-person status conferences with the parties. Id. However, before the trial court could resentence Petitioner under the dictates of Atwell, on July 12, 2018, the Florida Supreme Court found the majority's analysis in Atwell did "not properly apply United States Supreme Court precedent." State v. Michel, 257 So. 3d 3, 6 (Fla. 2018). Relying on the United States Supreme Court's decision in Virginia v. LeBlanc, 137 S. Ct. 1726 (2017), the court abrogated Atwell and found that a juvenile life sentence with the possibility of parole "fulfills Graham's

requirement that juveniles be given a 'meaningful opportunity' to be considered for release during their natural life based upon 'normal parole factors,' as it includes initial and subsequent parole reviews based upon individualized considerations before the Florida Parole Commission that are subject to judicial review." Franklin v. State, 258 So. 3d 1239, 1241 (Fla. 2018) (quoting LeBlanc, 137 S. Ct. at 1729).

Based on the intervening decisions of Michel and Franklin, the trial court issued an order on December 27, 2018, denying Petitioner's request for resentencing. See Cotton, 1993-CF-4491. Petitioner, with the help of counsel, appealed the trial court's denial, arguing, in part, that the trial court verbally granted Petitioner's motion during an August 31, 2017, status conference and that verbal order became final when the state did not timely seek an appeal of the verbal order. See Cotton v. State, 1D19-153. On July 15, 2020, the First District Court of Appeal issued a written opinion rejecting Petitioner's argument and affirming the trial court's denial. Cotton v. State, 300 So. 3d 1256 (Fla. 1st DCA 2020). In doing so, the court acknowledged that the trial court verbally granted a resentencing but because it failed to render a formal written order memorializing that prior ruling, the trial court's verbal ruling was not the "functional equivalent" of a final appealable order per Florida Rule of Appellate Procedure 9.020(h), and the appellate court lacked jurisdiction to review such a

verbal order. Id.

Petitioner then filed this successive § 2254 federal habeas Petition. See Doc. 1. He alleges that the state courts' failure to resentence him resulted in a manifest injustice and an equal protection violation, because similarly situated juvenile offenders were resentenced before the Florida Supreme Court receded from Atwell, but he did not receive the same benefit of the law.[1] Doc. 1 at 7.

Because this Court has already adjudicated Petitioner's claims challenging these convictions, this Court has no authority to consider the claims raised by Petitioner without prior authorization from the Eleventh Circuit. See 28 U.S.C. § 2244(b)(3)(A) (requiring a petitioner to "move in the appropriate court of appeals for an order authorizing the district court to consider" the filing of "a second or successive application"); Insignares v. Sec'y, Fla. Dep't of Corr., 755 F.3d 1273, 1278 (11th Cir. 2014) (finding that "[s]ubject to [certain] exceptions[,] . . . a district judge lacks jurisdiction to decide a second or successive petition filed without [the Eleventh Circuit's] authorization"). A

---

[1] Florida courts have also rejected this equal protection/manifest injustice claim involving Atwell defendants resentenced before the Florida Supreme Court decided Michel and Franklin, finding "it is well settled that '[t]he decisional law in effect at the time an appeal is decided governs the issues raised on appeal, even where there has been a change of law since the time of trial.' . . . [thus, those appellants] cannot show that [their] life-with-parole sentence is illegal under the law as it now stands." Melton v. State, --- So. 3d ---, 2020 WL 2781862, *2 (Fla. 1st DCA May 29, 2020) (quoting Wheeler v. State, 344 So. 2d 244, 245 (Fla. 1977)).

4

review of the Eleventh Circuit's docket does not show that the Eleventh Circuit has granted Petitioner authorization to file a second or successive habeas petition. Therefore, this case will be dismissed without prejudice to Petitioner's right to file a new petition if he obtains the required authorization from the Eleventh Circuit.

Accordingly, it is

**ORDERED AND ADJUDGED:**

1. This case is **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the case.

3. If Petitioner appeals the dismissal of the case, the Court denies a certificate of appealability.[2] Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the

---

[2] This Court should issue a certificate of appealability only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Here, after consideration of the record as a whole, a certificate of appealability is not warranted.

pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

    4.    The **Clerk** shall send Petitioner an Application for Leave to File a Second or Successive Habeas Corpus Petition. If he desires to file a second or successive habeas petition in this Court, he must complete the application and file it in the Eleventh Circuit Court of Appeals which will decide whether to allow it.

    **DONE AND ORDERED** at Jacksonville, Florida, this 16th day of November, 2020.



TIMOTHY J. CORRIGAN
United States District Judge

Jax-7
c:
Artavious V. Cotton, #312217